Mr. Justice Smith
delivered the opinion of the court.
An action of debt was instituted in the circuit court of Warren county against Longacre, the plaintiff in error, upon his bond, as the coroner of said county, for having failed to make the money on .an execution in favor of William Conway, for whose use the suit was brought; which had been directed to him as coroner, and placed in his hands to be levied according to its precept.
A demurrer was filed to the declaration and several special causes were assigned. The demurrer was overruled and judg *640 ment by default taken against the defendant. Upon which a jury was empannelled to assess the damages, who returned a verdict in the following words, to wit: “ We of the jury find for the plaintiff the debt in the declaration mentioned, which may be discharged by the payment of the sum of three hundred and eighteen •dollars,” &c. Upon which finding of the jury the court pronounced judgment, and the cause has been removed into this court by writ of error.
The first objection which we deem it proper to notice is, that plaintiff in error ought not to have been made liable in the original suit, because the record does not show that the execution was properly directed to him as coroner.
And in support of this position it was contended, that the sheriff is the officer designated by the statute, to whom all processes emanating from the various courts should be directed, unless it shall appear upon the record that the sheriff was interested or the office -vacant. And that unless such fact appears affirmatively, the coroner, in any attempt to execute process, acts without authority, as a mere stranger, and cannot be held liable in his character as coroner. In this case the proceeding is against the coroner upon his bond, for a failure to discharge his duty as such. The question, therefore, which this exception presents is this; whether the coroner to whom an execution has been directed, and who proceeds to act under it is not estopped by his own acts from denying his authority, although it may not appear that the sheriff was interested or that the office of sheriff was vacant?
Whenever the coroner assumes to act in the execution of process, which should be generally directed to the sheriff, he acts as a vice-sheriff. Whatever he does, therefore, in that character, at least so far as he himself is concerned, is as conclusive as would be the acts of the sheriff upon himself. The return of the sheriff endorsed upon- a writ which was delivered to him for execution, possesses in itself such a degree of verity that it cannot be incidentally attacked by the parties; Stayton v. The Inhabitants of Chester, 4 Mass. Rep. 479; Norris’s Peake, 82; and is perfectly conclusive against the officer making the return. 6 Mass. Rep. 327; 7 Ibid. 388.
*641 In-the case under consideration the allegations of the declaration that the -writ described therein was delivered to the defendant below, who was the coroner of the county of Warren; that it was by him levied and returned, is admitted by the demurrer. He cannot, therefore, be permitted to avail himself of the plea that he was not the officer whose duty it was to receive and execute the process.
The only remaining objections which it is at all necessary to notice are taken to the verdict of the jury who were empannelled to assess the damages sustained by the plaintiff in the original suit. The form of this verdict we have before seen.
These objections are that there was no assessment of damages by the jury, and that upon the finding the court was not autho-rised to pronounce judgment.
If the verdict of the jury is sufficient the objection is without foundation.
The jury were required to assess the damages incurred by the plaintiff in consequence of the non-performance of the conditions of the bond. It was certainly not the province of the jury to find the debt demanded by the declaration of the plaintiff. But so much of the finding as relates to the debt demanded will be regarded as surplusage if it contain what should be the substance of the verdict. The verdict shows clearly that the jury estimated the damages. They find for the plaintiff the debt in the declaration “which may be discharged by the payment of 318 dollars 49 cents.” This amount was the quantum of damages which the jury thought the plaintiff entitled to, and although they have not expressed this conclusion in the usual form, it is sufficient in substance and certainty.
An additional reason for not reviving the judgment on account of the informality of the verdict is, that although the jury might change the form of the verdict, the result would be substantially the same.
Judgment affirmed.
Mr. Chief Justice Shakkey gave no opinion.